MICHAEL J. PARK,   4944
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2302
Honolulu, Hawaii   96813
Telephone:   (808) 536-4456
Facsimile:   (808) 536-4988

Attorney for Defendant
JOSE PRIETO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 03-00523 SOM |
| | ) |
| Plaintiff, | ) DEFENDANT JOSE PRIETO'S |
| | ) SENTENCING STATEMENT; |
| vs. | ) CERTIFICATE OF SERVICE |
| | ) |
| JOSE PRIETO, | ) Sentencing: |
| | ) February 27, 2006  1:30 p.m. |
| Defendant. | ) |
| | ) THE HONORABLE SUSAN OKI |
| | ) MOLLWAY |

DEFENDANT JOSE PRIETO'S SENTENCING STATEMENT

COMES NOW the defendant, JOSE PRIETO, through counsel, Michael J. Park, and hereby respectfully submits this Sentencing Statement pursuant to the Order of this Court regarding sentencing Guidelines, the Notice of Attorneys dated

November 4, 1999, and Rule 32 of the Federal Rules of Criminal Procedure.

I.    FACTUAL BACKGROUND

Defendant and his undersigned counsel have reviewed the factual information contained in the Proposed Presentence Report prepared December 14, 2005, and have no objections thereto with the exception of the Base Offense Level and Adjustment for Role in Offense calculation. Defendant states his current marital status should read as "married" (page 2 under Marital Status).

PART A.  THE OFFENSE

Paragraph 27.  Specific Offense Characteristics

Mr. Prieto submits that he should be entitled to a two-point reduction for meeting the criteria set forth in subdivision (1)-(5) of subsection (a) of Section 5C1.2 Limitation on Applicability of Statutory Minimum Sentences in Certain Cases ("safety valve").

Mr. Prieto does not have a criminal record which causes him to have more than one criminal point. No violence or threats of violence or firearms or other dangerous weapons was used during this incident. There was no injury to other persons during this incident or episode.  He was not an organizer, manager or leader as defined in 21 USC Section 848, and Mr. Prieto has cooperated and

truthfully provided to the Government all information and evidence he has concerning the offenses in Count 1 and 3 of the First Superseding Indictment. Mr. Prieto cooperated with DEA and local law enforcement officers. He waived his rights at arrest and gave DEA agents and local authorities a statement regarding his involvement. He also provided the identification of Jose Mejia a leader of this drug-trafficking and his son Eric Mejia a co-defendant. Mr. Prieto confirmed/provided agents the location of Jose Mejia residence and described its description. He provided a description of Mejia's two vehicles, and provided information on a second cellular phone number that the Mejias were using. With this information Defendant's Jose and Eric Mejia were successfully arrested two days after Prieto's arrest.

Mr. Prieto submits the offense level should be decreased two-levels for meeting the criteria set forth in U.S.S.G. Section 5C1.2.

Paragraph 29. Adjustment for Role in Offense:

Mr. Prieto submits that he should be entitled to a two-point reduction for being a "minor participant" in this drug offense. Application Note 3(A) to Section 3B1.2 states that:

> This section provides a range of adjustments for a
> defendant who plays a part in committing the offense that

makes him less culpable that the average participant. A "minor participant" according to Application note 5 is "less culpable than most other participants, but whose role could not be described as minimal. In determining whether any adjustment for role in the offense applies, the court must conduct a fact based inquiry by weighing the "totality of the circumstances." Application note 3(C).

PSR paragraph 12 states that Prieto received six incoming calls from the primary Defendand Jose Mejia. That of the six calls made by Jose Mejia one involved Jose asking Prieto to deliver $6,000 to Jose's son Eric Mejia and that Prieto agreed to do so.

Paragraph 13 states that a CS informed investigators that Prieto was to pick-up an unknown amount of drugs from Jose Mejia on October 25, 2003. Prieto did so and was stopped and arrested.

Application note 2 to Section 3B1.2 states that a mitigating role adjustment "would be appropriate … where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." Prieto was recruited as a mule for a single transaction by Jose Mejia, whom called him. Prieto had no control over these requests and was not informed as to exactly what he was carrying and for

what reason(s).

In light of the facts of this case, Prieto is entitled to a two-point reduction for his role in the offense.

Paragraph 32:  Adjustment for Acceptance of Responsibility

A.  Mr. Prieto seeks a two-level reduction in the offense as he demonstrates an acceptance of responsibility pursuant to U.S.S.G. Section 3E1.1(a).  Based on his early cooperation with law enforcement, and based on the statements he provided at the change of plea hearing to Counts 1 and 3, the stipulations to the facts of the offense and the statements made during the presentence interview, Mr. Prieto has demonstrated an acceptance of personal responsibility for his criminal conduct.

The fact that he challenged Count 2 should not weigh against him as this is a separate incident apart from Counts 1 and 3.  The facts and circumstances underlying Count 2 involve a different type of drug, cocaine.  The arresting party is not the DEA or their agents who were investigating a drug-trafficking involving the Mejias.  Defendant's decision to challenge Count 2 did not involve the Government in more preparation on Counts 1 and 3.  Defendant's cooperation and acceptance of responsibility in those counts were not diminished when he challenged Count 2 of the First Superceding Indictment.

B.  Mr. Prieto seeks a one-level reduction in the offense as he assisted authorities in the investigation and prosecution of his own misconduct by notifying authorities of his intention to enter into a guilty plea in a timely manner thereby permitting the government to avoid preparing for trial in Counts 1 and 3. U.S.S.G. Section 3E1.1(b).  Based on his early cooperation with law enforcement which lead to the arrests of Defendants Jose and Eric Mejia, and based on the statements he provided at the change of plea hearing to Counts 1 and 3, Mr. Prieto has assisted in the investigation and arrest of co-defendants and prevented the government from having to prepare for trial in Counts 1 and 3.

The following adjustments are requested based on the above reduction.

| | | |
|---|---|---|
| Paragraph 26 | Base offense level: | 34 |
| Paragraph 27 | Safety valve: | -2 |
| Paragraph 29 | Adjustment for Role in Offense: | -2 |
| Paragraph 32 | Adjusted for Acceptance of Responsibility: | -2 |
| Paragraph 32 | Adjusted for Acceptance of Responsibility | -1 |
| Paragraph 31 | Total Offense Level: | 27 |

Therefore, Paragraph 57. Guideline Provisions reflecting defendant's sentencing range at level 27 with Criminal History Category I, should be set at 70 to

87 months.

II.  SENTENCING CLASSIFICATION / GUIDELINE / RESTITUTION RANGES

Defendant objects to the sentencing classification/guideline ranges set forth in the Proposed Presentence Report as stated above and respectfully reserves the right to move for adjustment therefrom, if appropriate and not otherwise waived, and to submit additional character evidence no later than fifteen days prior to the scheduled sentencing.

DATED:  Honolulu, Hawaii, February 6, 2006.

Respectfully submitted,

_____
/s/ MICHAEL J. PARK
Attorney for Defendant
JOSE PRIETO

CERTIFICATE OF SERVICE

I, MICHAEL J. PARK, hereby certify that a true and exact copy of the foregoing document was duly served electronically on February 6, 2006:

Thomas Muehleck
tom.muehleck@usdoj.gov,rowena.kang@usdoj.gov;USA-HI-ECF.Narcotics@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA

Served by First Class Mail:

   Lane Y. Takahashi
   745 Fort St Ste 2121
   Honolulu, Hi 96813

ROSANNE T. DONOHOE
U.S. Probation Officer
U.S. Courthouse
300 Ala Moana Boulevard, Room C-126
Honolulu, Hawaii   96850

DATED:   Honolulu, Hawaii, February 6, 2006.

_____
/s/ MICHAEL J. PARK
Attorney for Defendant