**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 01 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 06-10274 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-00523-1-SOM |
| v. | |
| JOSE PRIETO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted May 18, 2007
San Francisco, California

Before: HALL and O'SCANNLAIN, Circuit Judges, and GONZALEZ,** Chief District Judge.

Jose Prieto was convicted of trafficking methamphetamine and cocaine and was sentenced to 188 months in prison. He appeals his conviction on three evidentiary grounds. First, he claims that the district court wrongly denied his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Irma E. Gonzalez, Chief United States District Judge for the Southern District of California, sitting by designation.

motion to suppress a pouch of drugs discovered on his person when a security guard searched him at the Kona Family Court building on June 9, 2003. The district court denied Prieto's motion to suppress because it concluded that Prieto lacked standing. However, this court has stated:

> Abandonment is primarily a question of intent, and intent may be inferred from words, acts, and other objective facts. . . . Abandonment . . . is not meant in the strict property-right sense, but rests instead on whether the person so relinquished his interest in the property that he no longer retained a reasonable expectation of privacy in it at the time of the search.

*United States v. Jackson*, 544 F.2d 407, 409 (9th Cir. 1975). Prieto never manifested an intent to abandon the property: he grabbed the pouch back from the security guard and only reluctantly relinquished it before entering the court building. The district court erred in holding that Prieto lacked standing.

However, the record supports the district court's factual determination that Prieto consented to the search. Although Prieto's lawyer and the security guard differed in their testimony as to whether Prieto requested to leave rather than be searched, both agreed that Prieto ultimately gave the pouch to the security guard and proceeded into the court building. The district court did not clearly err in denying his motion to suppress on that factual basis.

Second, Prieto claims that the district court improperly admitted evidence of his October 25, 2003, arrest and the subsequent discovery of drug-scented bills in

2

his home. Federal Rule of Evidence 404(b) bars the use of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith," but permits such evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The evidence that Prieto was arrested for methamphetamine possession and the evidence that cash bearing the scent of drugs was found in his home suggest that he had the knowledge and intent to engage in drug trafficking. *See United States v. Martinez*, 182 F.3d 1107, 1110 (9th Cir. 1999) (allowing evidence of similar acts where "the prior offenses were for different drugs, cocaine and heroin," but "the fact that distribution quantities were involved made the crimes similar enough to bear on . . . knowledge."). That the arrest and discovery of drugs occurred some months after the charged offense does not render them inadmissible. *See United States v. Sioux*, 362 F.3d 1241, 1246 (9th Cir. 2004) (noting that Federal Rule of Evidence 404(b) "allow[s] for the introduction of both prior and subsequent bad acts evidence.") The district court did not plainly err in admitting the evidence.

Third, Prieto claims that the district court abused its discretion in allowing the government to impeach him with statements made during his plea colloquy. However, Prieto's statements were not made in conjunction with a guilty plea that

3

was later withdrawn or a plea of nolo contendere. *See* Fed. R. Evid. 410(3). Nor were they "made in the course of plea discussions with an attorney for the prosecuting authority." Fed. R. Evid. 410(4). The district court did not abuse its discretion in admitting the statements under Federal Rule of Evidence 410.

Prieto also challenges his sentence. He asserts that the district court erred in grouping together the three counts of his conviction. Under 18 U.S.C. § 1B1.3(a)(2), the base offense level includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." Counts are grouped if they "involve the same victim and two or more acts of transactions connected by a common criminal objective or constituting part of a common scheme or plan," *id.* § 3D1.2(b), or if "the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior," *id.* § 3D1.2(d). *See also id.* § 3D1.2 App. Note 2 ("For offenses in which there are no identifiable victims (e.g., drug or immigration offenses, where society at large is the victim), the 'victim' for purposes of subsections (a) and (b) is the societal interest that is harmed."). The district court properly complied with these rules.

Finally, Prieto challenges the district court's denial of sentencing credits based on safety valve considerations and acceptance of responsibility. The district

4

court concluded that Prieto did not qualify for such credits because he had testified falsely about the facts underlying Count 2. We agree that he did not "truthfully provide[ ] . . . all information and evidence . . . that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5). Furthermore, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." *See id.* § 3E1.1(a) App. Note 1(a). The district court did not err in refusing Prieto's requests for sentencing credits.

The district court's order denying Prieto's motion to suppress, and the sentence the court imposed, are

**AFFIRMED.**

A TRUE COPY
ATTEST  7/6/07
CATHY A. CATTERSON
Clerk of Court
by:
Deputy Clerk